UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jeffrey M. Gray</u>

   v.                        Case No. 20-cv-155-PB

<u>Celia Englander et al.</u>

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Jeffrey Gray filed a pro se complaint pursuant to 42 U.S.C. § 1983 against seven current and former medical staff of the New Hampshire Department of Corrections ("DOC") when he was incarcerated at the New Hampshire State Prison ("NHSP").[1] Mr. Gray alleges that the defendants failed to adequately care for his medical conditions in violation of the Eighth Amendment. The complaint is before this court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and Local Rule 4.3(d)(1).

**Background**

Mr. Gray became incarcerated at the NHSP in September 2012. Later that month, he was transferred to the Northern New Hampshire Correctional Facility ("NCF"). At some point, he was

---

[1] The defendants are DOC physicians Dr. Celia Englander and Dr. Jeffrey Fetter; former DOC Physical Therapist Bernadette Campbell; and former DOC Nurse Practitioners Corina Neculai, Lisa Savage, Diane Desmarais, and Judy Baker.

1

transferred back to the NHSP, where he was incarcerated until April 2020.

Mr. Gray suffers from chronic lower lumbosacral back pain owing to an active-duty injury while he served in the U.S. Army from 1979 until 1982.  This condition, which was diagnosed by Army physicians in 1981, and service-related stomach ulcers, led the Department of Veterans Affairs to award him an unspecified disability rating in 1981, which was increased to 20% in 2011.

In 2010, physicians at the VA Medical Center in Manchester, New Hampshire diagnosed Gray with sleep apnea.  They prescribed him a CPAP machine to treat this condition.

During his initial medical evaluation at the NHSP in September 2012, defendant Lisa Savage, then an NHSP nurse practitioner, learned from Mr. Gray about his chronic lower back pain, ulcers, and sleep apnea.  Nurse Savage did not provide Mr. Gray with a CPAP machine and denied his request for a referral to the DOC's pain management clinic.

Over the ensuing five years, Mr. Gray requested referrals to the pain management clinic for his back pain on multiple occasions from the prison's medical staff, but his requests were invariably denied.  Specifically, defendant Judy Baker, then a nurse practitioner at the NCF, denied Mr. Gray's request in November 2012; defendants Corina Neculai, then an NHSP nurse practitioner, and Bernadette Campbell, then a physical therapist

at the NHSP, denied his requests in November 2014; and defendant Diane Desmarais, then a nurse practitioner at the NHSP, denied his request in July 2016.

With respect to his sleep apnea, Mr. Gray was not provided with a CPAP machine until March 2016.  In the meantime, Mr. Gray sought treatment for this condition from Dr. Celia Englander, an NHSP physician, in April 2013, and from Nurse Neculai in November 2014.  Both providers refused to treat him.

At his November 2014 medical appointment, Mr. Gray also complained to Nurse Neculai about hearing loss and tinnitus.  She denied his request for a referral to a physician to address those health concerns.  The DOC eventually consulted Dr. Mark Carwell to evaluate Mr. Gray's hearing.  In February 2016, Dr. Carwell diagnosed Gray with bilateral sensorineural hearing loss and bilateral tinnitus aurium.  He recommended that Mr. Gray be fitted for hearing aids and to use "washing sounds" via headphones or a similar device to protect his ears from noise exposure.  Dr. Carwell's notes and recommendations were forwarded to the DOC and became part of Mr. Gray's medical records.  Nonetheless, in July 2016, Nurse Desmarais refused to treat Mr. Gray's hearing impairments.

Mr. Gray was finally referred to the pain management clinic in September 2017.  Dr. Carey Rodd treated Mr. Gray for his chronic back pain until March 2018, when Dr. Rodd retired.  Mr.

Gray later saw defendant Dr. Jeffrey Fetter, a physician at both the NHSP and NCF, in July 2018, but Dr. Fetter refused to treat either Gray's back condition or his hearing impairments.

## Preliminary Review Standard

The court conducts a preliminary review of prisoner complaints filed by inmates seeking relief from government employees or entities. See 28 U.S.C. § 1915A(a); LR 4.3(d)(1). Claims may be dismissed if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A). In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## Discussion

Mr. Gray claims that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him with adequate medical care for his chronic lower back pain, sleep apnea, hearing loss, and

4

tinnitus.  The only relief he seeks is damages.  Because Mr. Gray does not specify otherwise, the court assumes that he is suing the defendants both in their official and personal capacities.

"Absent an explicit waiver from the state, the Eleventh Amendment bars official capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief."  Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003) (internal quotation marks omitted).  Mr. Gray does not seek prospective injunctive relief, and there is no suggestion that New Hampshire has waived its immunity for purposes of Mr. Gray's § 1983 claims.  Accordingly, the district judge should dismiss Mr. Gray's Eighth Amendment claims against the defendants to the extent they are sued in their official capacities.  See 28 U.S.C. § 1915(e)(2).

Mr. Gray's personal-capacity claims must be evaluated under the Eighth Amendment.  See Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007).  To state a viable claim for constitutionally inadequate medical care in prison, a plaintiff must allege that prison officials displayed "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This standard has both an objective and a subjective prong.  Zingg v. Groblewski, 907 F.3d 630, 635 (1st Cir. 2018).  The objective prong requires the plaintiff to

5

allege that he had a serious medical need "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (en banc) (internal quotation marks omitted).  Under the subjective prong, the plaintiff must allege facts showing that the defendant had "a sufficiently culpable state of mind . . . that amounts to deliberate indifference to [his] health or safety." Zingg, 907 F.3d at 635.  "The obvious case would be a denial of needed medical treatment in order to punish the inmate." Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993).  But "wanton" or criminal recklessness in the treatment provided will also suffice, which requires a showing that the defendant had "actual knowledge of impending harm, easily preventable, and yet failed to take the steps that would have easily prevented that harm." Zingg, 907 F.3d at 635 (internal quotation marks and citation omitted).  Such a showing may be made by demonstrating that the defendant provided medical care that was "so inadequate as to shock the conscience." Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 162 (1st Cir. 2006) (internal quotation marks omitted).  In other words, the care received must be "so clearly inadequate as to amount to a refusal to provide essential care." Torraco v. Maloney, 923

6

F.2d 231, 234 (1st Cir. 1991) (internal quotation marks omitted).

The court finds that Gray has stated sufficient facts to allow the personal capacity Eighth Amendment claims Mr. Gray asserts to proceed at the preliminary review stage. First, because he has alleged that his medical conditions were diagnosed by physicians as requiring treatment, he has plausibly stated the objective prong of the deliberate indifference test. Second, he has alleged facts showing that each defendant refused to treat one or more of his conditions, such that their treatment, or lack thereof, was "so clearly inadequate as to amount to a refusal to provide essential care." Id. at 234 (internal quotation marks omitted). Accordingly, in an Order issued simultaneously with this Report and Recommendation ("R&R"), the court directs service of the complaint with respect to the Eighth Amendment claims asserted against the defendants in their personal capacities.

## Conclusion

For the foregoing reasons, the district judge should dismiss Mr. Gray's Eighth Amendment claims to the extent they are asserted against the defendants in their official capacities. Any objection to this R&R must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).

The 14-day period may be extended upon motion.  Failure to file a specific written objection to this R&R within the specified timeframe waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                            Andrea K. Johnstone
                                                                            United States Magistrate Judge

June 24, 2021

cc:   Jeffrey M. Gray, pro se