**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Jeffrey M. Gray</u>

    v.                                                            Case No. 20-cv-155-SE

<u>Celia Englander, et al.</u>

## Report and Recommendation

Jeffrey M. Gray, who is incarcerated and proceeding pro se, brought claims under 42 U.S.C. § 1983, against medical staff at the New Hampshire Department of Corrections ("DOC"), alleging violations of his Eighth Amendment right to treatment for his medical conditions.[1]  Defendants Judy Baker, Bernadette Campbell, and Lisa Savage move to dismiss the claims against them as untimely.  Gray did not file a response to the motion.[2]

## Standard of Review

When defendants move to dismiss a claim based on the statute of limitations, they must show that the allegations in the complaint "leave no doubt that an asserted claim is time-

---

[1] The defendants are DOC physicians Dr. Celia Englander and Dr. Jeffrey Fetter; former DOC Physical Therapist Bernadette Campbell; and former DOC Nurse Practitioners Corina Neculai, Lisa Savage, Diane Desmarais, and Judy Baker.

[2] The motion was filed in October of 2021.  When Gray had not filed a response by February of 2022, he was granted additional time to do so.  Despite that extension of time, Gray did not file a response.

barred." Corelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010). The court will grant the motion if "(i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Id. That analysis includes a determination that the allegations and properly considered documents "fail[] to 'sketch a factual predicate' that would provide a basis for tolling the statute of limitations." Abdallah v. Bain Cap. LLC, 752 F.3d 114, 119 (1st Cir. 2014). In assessing the complaint for purposes of timeliness, the court takes the properly pleaded facts as true and draws reasonable inferences in favor of the plaintiff. US Bank, N.A. v. HLC Escrow, Inc., 919 F.3d 17, 21 (1st Cir. 2019).

## Background

Gray arrived at the New Hampshire State Prison ("NHSP") and then was transferred to the Northern New Hampshire Correctional Facility ("NCF") in September of 2012. Later, on an unspecified date, he was transferred back to the NHSP. He was released in April of 2020.

During his initial medical evaluation at NHSP in September of 2012, Gray told defendant Lisa Savage, who was then a nurse practitioner at the prison, about his chronic lower back pain,

ulcers, and sleep apnea that he alleges were related to his service in the U.S. Army. Savage denied his request for pain management and a CPAP machine for sleep apnea.

He requested referrals to the pain management clinic over the next five years, which were denied. Pertinent to the pending motion, defendant Judy Baker, a nurse practitioner at NCF denied his request in November of 2012. Defendant Bernadette Campbell, who was a physical therapist at NHSP, denied his request for referral in November of 2014. He received a CPAP machine in March of 2016. Gray was referred to the pain management clinic by Dr. Rodd in September of 2017 until March of 2018, when Dr. Rodd retired.

Gray filed the complaint in this action on January 22, 2020. On preliminary review, the court dismissed his official capacity claims but determined that Gray alleged sufficient facts to support personal capacity claims under the Eighth Amendment, for deliberate indifference to his serious medical needs, against the seven named defendants, including Lisa Savage, Judy Baker, and Bernadette Campbell. The other four defendants, Celia Englander, Jeffrey Fetter, Corina Neculai, and Diane Desmarais, have not been served.

## Discussion

Defendants Savage, Baker, and Campbell move to dismiss Gray's claims against them as barred by the statute of limitations. The relevant limitations period for § 1983 actions is provided by the statute of limitations for personal injury actions in the state where the claim arose. Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010). The applicable statute of limitations in New Hampshire is three years from the date the claim accrued. Id. (citing N.H. Rev. Stat. Ann. § 508:4). "A § 1983 claim accrues when a plaintiff knows or has reason to know of his injury." Fincher v. Town of Brookline, 26 F.4th 479, 486 (1st Cir. 2022).

Gray alleges that he informed Lisa Savage of his medical conditions in September of 2012 during his initial medical intake examination. He further alleges that Savage knew of his back pain and sleep apnea conditions but denied him treatment, including denying him a referral to the pain management clinic. He alleges that he was given a CPAP machine in March of 2016 for sleep apnea. He alleges that he was referred for pain management for his chronic back condition in September of 2017 by Dr. Rodd.

He alleges that Judy Baker, a nurse practitioner at NCF first knew of his chronic back condition in October of 2012. He alleges that she denied his request for a referral to the pain

management clinic for his back in November of 2012. Gray alleges that Bernadette Campbell became aware of his chronic back pain in November of 2014, when she denied his request for a referral to the pain management clinic. With respect to Savage, Baker, and Campbell, Gray alleges that his lack of medical care was "ongoing" but provides no specifics about when and how care was denied.

As alleged in the complaint, Gray knew that Savage denied his request for a referral to the pain management clinic in September of 2012, that Baker refused his request for referral in November of 2012, and that Campbell refused his request in November of 2014. He knew at those times that he had the chronic back condition, which he alleges required pain management, and the sleep apnea condition, which he alleges required a CPAP machine. He also knew that his requests had been denied. Gray's Eighth Amendment claims accrued when the defendants refused his requests for treatment. Therefore, his claims accrued against Savage and Baker in 2012 and against Campbell in 2014, but he did not bring suit until January of 2020, long past the three-year limitation period.

To the extent Gray may have intended to allege a continuing violation based on delayed treatment, his allegations do not state that claim. An actionable continuing violation occurs when a series of wrongful acts cumulatively causes an injury

5

within the limitations period but not when a plaintiff's rights are violated outside the limitations period and then continue to be violated over a period of time, extending into the limitations period. Gorelik, 605 F.3d at 122; see also Ayala v. Shinseki, 780 F.3d 52, 57 (1st Cir. 2015). In other words, once a plaintiff is injured by a discrete act or omission and knows or should know of the injury, the limitations period begins to run then, even when additional misconduct occurs. See Hokenstrom v. N.H. Dep't of Corrs., 2015 U.S. Dist. LEXIS 166182, at *9 (D.N.H. Nov. 19, 2015).

In this case, Gray alleges that Savage, Baker, and Campbell denied his requests for a CPAP machine and referral to the pain management clinic, which violated his Eighth Amendment rights at specific times outside of the limitations period. Whether he intended to allege that they also denied his requests at other times is unclear, but such allegations would not delay the accrual date of his claims. Gray's allegations state claims that accrued in 2012 as to Savage and Baker and in 2014 as to Campbell. Because he did not file suit until 2020, his claims are time barred and should be dismissed.

## Conclusion

For the foregoing reasons, the district court should grant the motion to dismiss filed by defendants Savage, Baker, and Campbell (document no. 18).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 20, 2022

cc:  Jeffrey M. Gray, pro se
     Counsel of Record